IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WILKINSON, )<br>      Plaintiff, )<br>)<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>      Defendant. ) | Civil Action No.13-439<br>Electronically Filed |

**MEMORANDUM OPINION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
(DOC. NOS. 11 AND 13)**

**I.    Introduction**

Plaintiff, Gary Wilkinson ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have submitted cross motions for summary judgment on the record developed at the administrative proceedings. Doc. Nos. 11 and 13. For the following reasons, Defendant's Motion for Summary Judgment (Doc. No. 13) will be GRANTED, Plaintiff's Motion for Summary Judgment (Doc. No. 11) will be DENIED, and the ALJ's decision will be AFFIRMED.

**II.    Procedural History**

Plaintiff protectively filed applications for DIB and SSI on April 14, 2010, alleging disability as of June 30, 2007. R. 100-107. The applications were denied by the state agency. R. 58-67. Plaintiff responded by filing a timely request for an administrative hearing. R. 68. On

August 8, 2011, a hearing was held in Pittsburgh, Pennsylvania, before Administrative Law Judge ("ALJ") Leslie Perry-Dowdell. R.36-55. Plaintiff, who was represented by an accredited disability representative, appeared and testified. R. 40-51. Larry Bell, an impartial vocational expert ("VE"), also testified. R. 51-54.

In a decision dated September 9, 2011, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Act. R. 7-18. The Appeals Counsel denied Plaintiff's request for review on January 31, 2013, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 2-5. Plaintiff commenced the present action on March 25, 2013, seeking judicial review of the Commissioner's decision. Doc. No. 1. Plaintiff and the Commissioner filed Cross-Motions for Summary Judgment. Doc. Nos. 11 & 13. These Motions are the subject of this Memorandum Opinion.

### III. Statement of the Case

In her decision, the ALJ made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through July 30, 2007.

2. The claimant has not engaged in substantial gainful activity since June 30, 2007, the alleged onset date. (20 C.F.R. § 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative changes of the cervical spine, cervical spondylosis with radiculopathy, history of cervical discectomy and fusion, arthritis of the left shoulder, degenerative joint disease of the right knee and is status post total knee arthroplasty. (20 C.F.R. §§ 404.1520(c), 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR § 404.1567(a) and 416.967(a) that allows the claimant to lift up to 10 pounds occasionally and less than 10 pounds frequently, and that allows the claimant sit and stand alternatively at will.

6. The claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was born on October 20, 1963, and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49. (20 C.F.R. §§ 404.1563 and 416.963).

8. The claimant has at least a high school education and the ability to communicate in English. (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. § 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2007, through the date of this decision. (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 7-18.

## IV. Standards of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777

(3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth,

and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

**V.        Discussion**

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence because she did not include functional limitations in her RFC assessment that were contained within the non-examining physician's reports of which the ALJ accorded "significant weight." Doc. No. 12. In her decision, the ALJ stated, in applicable part, that:

I have evaluated and considered the opinions of State agency medical consultant, Dr. Ali, M.D., dated June 2010, at Exhibit 9F and given them significant weight in conjunction with other relevant evidence in rendering this decision. The State agency medical consultant found claimant capable of sedentary exertion, and I agree.
Doc. No. 9-2, 16.

6

In his Physical Residual Functional Capacity Assessment, Dr. Ali noted that Plaintiff could "occasionally" climb, balance, stoop, kneel, crouch, and crawl. Doc. No. 9-9, 24. Plaintiff contends that the ALJ erred by failing to include that Plaintiff is limited to occasional postural movements and is limited in reaching in all directions in her hypothetical to the VE. Doc. No. 12, 5.

The ALJ's decision is supported by substantial evidence. The ALJ expressly addressed Dr. Ali's Physical RFC Assessment and stated that she "ha[d] evaluated and considered [his] opinions and given them significant weight *in conjunction with other relevant evidence in rendering this decision*. The State agency medical consultant found claimant capable of sedentary exertion, and I agree." (emphasis added). The ALJ was not required to adopt all of Dr. Ali's checkbox limitations, but rather, could adopt those that were supported by the total medical record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

To support her RFC formulation, the ALJ cited to parts of Plaintiff's medical records that were inconsistent with, and therefore do not support, Dr. Ali's postural limitations including that: (1) Plaintiff's examinations were essentially unremarkable and showed he was doing well; (2) Plaintiff's upper extremities did not show any demonstrable weakness; (4) Plaintiff had normal strength (5/5) in his upper and lower extremities; and (5) Plaintiff's physician found that he was "doing well" and making progress after his right knee surgery. Doc. No. 9-2, 16.

The ALJ did not ignore limitations identified in Plaintiff's medical record, but rather, chose not to accept all of the conclusions contained therein. She specifically noted that she accepted Dr. Ali's opinion "in conjunction with other relevant evidence." Doc. No. 9-2, 16. This was proper and the ALJ cited such evidence that "a reasonable mind might accept as adequate to support a conclusion." *Pierce*, 487 U.S. at 565. The Court will not re-weigh the

7

evidence of record and substitute its judgment as to whether Plaintiff is disabled under the Act for that of the ALJ.  *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986) ("the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

**VI.     Conclusion**

In sum, the ALJ's decision is supported by substantial evidence.  Therefore, Defendant's Motion for Summary Judgment will be GRANTED, Plaintiff's Motion for Summary Judgment will be DENIED, and the ALJ's decision will be AFFIRMED.

An appropriate Order follows.

    s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties